**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VIRGINIA ERICSON,

       Plaintiff,

v.

       Case No. 05-74445
       Hon. Gerald E. Rosen
       Magistrate Judge R. Steven Whalen

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 28, 2007

PRESENT: Honorable Gerald E. Rosen
               United States District Judge

On February 23, 2007, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Virginia Ericson's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on March 5, 2007. The Court has now reviewed the parties' initial motions, the R & R, Plaintiff's objections, and the remainder of the materials in the record. For the reasons discussed briefly below, the Court concurs in the Magistrate Judge's analysis, and accordingly adopts the R & R in its entirety.

Plaintiff has lodged essentially three objections to the R & R,[1] which largely track the arguments advanced in her underlying summary judgment motion. First, she contends that the Administrative Law Judge ("ALJ") improperly adopted an adversarial approach in questioning her at the administrative hearing, thereby denying her an opportunity to fully articulate and explain her limitations and resulting in an insufficiently developed administrative record. Yet, as explained in the R & R, the ALJ's occasional expressions of impatience, without more, do not establish an impermissible bias against or antagonism toward Plaintiff. (See R & R at 11.)[2] Upon independently reviewing the transcript of the administrative hearing, this Court cannot say that the ALJ impermissibly deviated from his proper "inquisitorial" role, such that a remand for a new hearing is warranted.

In any event, Plaintiff has not suggested what additional, material information might have been forthcoming if the ALJ had questioned her further about her condition, limitations, or work history. Through her testimony, for example, she successfully managed to convey her claim that she could only sit for "[a]bout an hour" and stand for "half an hour at the most" before experiencing back and hip pain, (Admin. Record at 178-

---

[1] Plaintiff occasionally characterizes these objections as disagreements with "arguments" made by the Magistrate Judge. (See, e.g., Plaintiff's 3/5/2007 Objections at 2, 4.) It would be better to say, as Plaintiff does elsewhere, that she disagrees with the Magistrate Judge's "analysis." (See id. at 3.) In the usual parlance of judicial proceedings, parties advance arguments, while the Magistrate Judge and this Court analyze the parties' positions and make factual findings and legal rulings.

[2] Notably, in the passage from the administrative hearing that Plaintiff quotes at length in her summary judgment motion, it appears that the ALJ initially interrupted the vocational expert, and not Plaintiff, and that the ALJ then interrupted Plaintiff only after she offered additional, unsolicited comments while no question was pending. (See Admin. Record at 184-85.)

79), and the ALJ specifically recounted and addressed this testimony in his decision, (see id. at 17). To the extent that the ALJ could have more fully explored the precise conditions under which Plaintiff had performed her past work, the Magistrate Judge correctly observes that this was not essential to the ALJ's step four inquiry. (See R & R at 10-11.) Accordingly, any impatience or lack of thoroughness in the ALJ's questioning of Plaintiff does not warrant a reversal or remand.

Plaintiff next objects to the ALJ's failure to give sufficient weight to the opinion of her treating physician, Dr. William H. Kole. As pointed out in the R & R, however, the report from Dr. Kole that Plaintiff cites as establishing her disability is considerably less than definitive on this subject. While Plaintiff opines that Dr. Kole "did indicate" in this report that Plaintiff was "not able to work," (Plaintiff's Objections at 3), the doctor actually stated that he was "uncertain" both as to the period in which Plaintiff was unable to work and as to when she might be able to return to work. (Admin. Record at 132.) Even assuming that one could infer from these statements that Plaintiff was unable to work for *some* period of time, Dr. Kole's report plainly does not indicate that Plaintiff suffered from an ongoing disability. Rather, as explained in the R & R, the general thrust of this report, as well as Dr. Kole's records as a whole, was that Plaintiff suffered from a chronic but treatable condition. Consistent with this record, the ALJ found that Plaintiff suffered serious impairments, but that these impairments did not prevent her from performing her past relevant work.

Finally, Plaintiff contends that a remand is necessary so that the ALJ may consider

certain additional medical records that he failed to obtain in the course of the initial administrative proceedings. Yet, the Magistrate Judge expressly addresses this argument in the R & R, explaining why the additional records do not meet the standard of "materiality" necessary to warrant a remand. (See R & R at 13-14.) Plaintiff has not identified any defect in the Magistrate Judge's analysis on this point, but merely opines that these records establish that she suffers from an ongoing, chronic condition. As explained above, the ALJ recognized as much, but found that Plaintiff's impairments were not disabling. The Court concurs in the Magistrate Judge's conclusion that the ALJ's determination on this point is supported by substantial evidence.

    Accordingly,

    NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation, as supplemented by the foregoing rulings, is ADOPTED as

the opinion of this Court.  IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is DENIED, and that Defendant's motion for summary judgment is GRANTED.

s/Gerald E. Rosen<br>
Gerald E. Rosen<br>
United States District Judge

Dated:  March 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>
Case Manager